IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2020 FEB 21 A 11: 16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CARLIS HARRELL,

    PLAINTIFF,

VS.

CV NO.: 3:20-CV-121

BACKWATER MARINE TOWING
& SALVAGE, LLC, and CHAD
GILLILAND,

    DEFENDANTS.

JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Carlis Harrell, (hereinafter "Plaintiff") is a resident of Alexander City, Tallapoosa County, Alabama, and performed work for the Defendants in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C.

§ 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Eastern Division.

3. Defendant Backwater Marine Towing & Salvage, LLC, (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant Backwater Marine Towing & Salvage, LLC is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4. Defendant Chad Gilliland (hereinafter "Gilliland"), is an individual and resident of Alexander City, Tallapoosa County, Alabama, as well as the owner of Backwater Marine Towing & Salvage, LLC; he supervised the day-to-day operations of Defendant, Backwater Marine Towing & Salvage, LLC, meaning that he is an employer as defined by the FLSA.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendants hired Plaintiff on or about March 2, 2018.

7. Defendants employed Plaintiff as a general laborer.

8. At the inception of the employment relationship, Defendants, specifically Defendant Gilliland, miss-classified Plaintiff as an independent

contractor that was exempt from the FLSA's requirement to pay overtime premium for hours worked in excess of forty during a work week.

9. From March 2, 2018 until February 1, 2019, Defendants paid Plaintiff various hourly rates.

10. Beginning February 1, 2019, Defendants, specifically Defendant Gilliland, miss-classified Plaintiff as a salaried employee that was exempt from the FLSA's requirement to pay overtime premium for hours worked in excess of forty during a work week.

11. From February 1, 2019 through July 31, 2019, Defendants paid Plaintiff a salary of $1,750 twice per month.

12. From August 1, 2019 through December 2, 2019, Defendants resumed compensating Plaintiff with various hourly rates.

13. During the two years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a work week.

14. Defendants never compensated Plaintiff at a rate of one and one-half times his regular hourly rate for hours worked in excess of forty during a work week.

15. Defendants ended the employment relationship with Plaintiff on December 2, 2019.

## IV.     COUNT ONE – FLSA – Overtime Violations

16.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-15 above.

17.     During the three years preceding the filing of this Complaint, Defendant Backwater Marine Towing & Salvage, LLC was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

18.     During the three years preceding the filing of this Complaint, Defendant Backwater Marine Towing & Salvage, LLC has been, and is, a company wherein two or more employees, including the Plaintiff, were, and are, engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

19.     On a rolling quarterly basis, Defendant Backwater Marine Towing & Salvage, LLC's gross annual volume of revenue exceeded $500,000 per year for the calendar years of 2017, 2018, and 2019.

20.     At all times relevant to this action, Defendant Backwater Marine Towing & Salvage, LLC was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

21. At all times relevant to this action, Defendant Gilliland managed the day-to-day operations of Defendant Backwater Marine Towing & Salvage, LLC such the he was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

22. During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

23. Plaintiff and others employed by Defendants were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants. Plaintiff's interstate commercial activity included, but was not limited to, towing Defendants' customers' boats on various lakes in Alabama and Georgia; delivering fuel to Defendants' customers; jump starting the batteries of Defendants' customer's boats; performing salvage operations on Point A Lake, Thurlow Resovoir, Lake Wedowee, the Coosa River, the Alabama River, the Black Warrior River, the Tombigbee Waterway, Lake Martin, Smith Lake, Logan Martin Lake, and Lake Harding (GA); and, provide mechanic services necessary to operate Defendants' boats that are integral to Defendants' business operations.

24. Defendants directed Plaintiff to transport Defendants' boats via trailer over United States Highways and Interstate Highways.

25. Defendant Gilliland provided Plaintiff with a company credit card to make purchases for the benefit of Defendants.

26. Plaintiff ordered parts and equipment through internet website merchants outside of the State of Alabama.

27. Shortly after Hurricane Matthew, Defendants directed Plaintiff to deliver supplies to its other employees working salvage operations near Panama City Beach, Florida.

28. During 2019, Defendants directed Plaintiff to retrieve supplies from one of its warehouses located in Georgia and return to Alabama.

29. During the two years preceding the filing of this Complaint, Plaintiff worked in excess of forty hours during a work week on at least one or more occasion.

30. From the beginning of his employment through late September 2018, Plaintiff worked in excess of forty hours during a work week for the benefit of the Defendants

31. From late September 2018 through March 2019, Plaintiff occasionally worked in excess of forty hours during a work week for the benefit of the Defendants.

32. From March 2019 through late September 2019, Plaintiff worked in excess of forty hours during a work week for the benefit of the Defendants.

33. From late September 2019 through December 2, 2019, Plaintiff occasionally worked in excess of forty hours during a work week for the benefit of the Defendants.

34. From March 2, 2018 until February 1, 2019, Defendants paid Plaintiff various hourly rates.

35. From February 1, 2019 through July 31, 2019, Defendants paid Plaintiff a salary of $1,750 twice per month.

36. From August 1, 2019 through December 2, 2019, Defendants resumed compensating Plaintiff with various hourly rates.

37. From March 2018 through December 2, 2019, Defendants failed to pay Plaintiff any overtime premium for all hours worked in excess of forty in a work week.

38. Defendants never provided Plaintiff with a time clock to record his time worked.

39. Defendants furnished most of the tools and supplies necessary for Plaintiff to perform the labor he provided.

40. Defendant Gilliland directed Plaintiff as to what tasks to perform each day and the order those tasks were to be performed.

41. Defendants did not provide additional compensation to Plaintiff based on the value of salvage recovered.

42. Defendants did not reduce Plaintiff's compensation based on the value of salvage recovered.

43. Defendants did not require Plaintiff to hold any special license or certifications in order to perform the labor that Plaintiff provided to Defendants' customers.

44. From March 2, 2018 through February 1, 2019, Defendants classified Plaintiff as an independent contractor.

45. On February 1, 2019, Defendants demanded that Plaintiff enter a contract to work for a salary.

46. From February 1, 2019 through December 2, 2019, Defendants classified Plaintiff as an employee as defined by 29 U.S.C. § 203(e)(1).

47. Defendants employed at least six other persons.

48. Plaintiff did not have the authority to hire any other employees for the benefit of Defendants' business.

49. Plaintiff did not have the authority to terminate any of Defendants' existing employees for the benefit of Defendants' business.

50. Plaintiff's labor performed for the benefit of Defendants' was entirely manual in nature, such that the only paperwork duties he performed were taking a customer's name, address, and contact information necessary to produce an invoice for the services rendered.

51. Defendants issued Plaintiff a 1099 for the 2018 tax year.

52. Defendants issued Plaintiff a 1099 and a W-2 for the 2019 tax year.

53. Defendant Backwater Marine Towing & Salvage, LLC engaged in a business relationship with TowBoatU.S., which is a membership service, similar to the American Automobile Association, that provides towing and mechanical services to its members' boats.

54. Defendants directed Plaintiff to sell memberships to TowBoatU.S.

55. Defendants promised to compensate Plaintiff extra commission for selling memberships to TowBoatU.S.

56. During 2019, Defendants failed to compensate Plaintiff any commissions for the memberships sold to TowBoatU.S.

57. Plaintiff performed duties for the benefit of Defendants' business was work performed that was necessary to conduct the regular day-to-day operations of the business.

58. Defendants paid and provided for most of the necessary instrumentalities and tools for Plaintiff to perform his job duties necessary for the day-to-day operations of Defendants' business.

59. Plaintiffs services performed for the benefit of Defendants did not present an opportunity for profit or loss for Plaintiff based on his own managerial skill.

60. Defendant Chad Gilliland determined the pay practices and policies for employees and independent contractors of Defendant Backwater Marine Towing & Salvage, LLC.

61. Defendants required Plaintiff to wear T-Shirts bearing TowBoatU.S. when performing tasks for the benefits of the Defendant.

62. Defendants did not require Plaintiff to possess any special skills that require licensing by any government agency or specialized training requiring a certificate from a vocational school or degree from a community college or university in order to perform his job duties.

63. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages (if any), liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.  For such other and further relief as this Court deems equitable, proper and just.

*[signature]*
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

*[signature]*
OF COUNSEL

**DEFENDANTS ADDRESSES:**
Backwater Marine Towing & Salvage, LLC
c/o Chad Gilliland
1744 Timber Trail
Alexander City, AL 35010

Chad Gilliland
2036 Cherokee Road, Ste. 197
Alexander City, AL 35010