# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

**CARLIS HARRELL,**

    **PLAINTIFF,**

**VS.**                                **CV NO.:  3:20-cv-00121-RAH-SRW**

**BACKWATER MARINE TOWING
& SALVAGE, LLC, and CHAD
GILLILAND,**

    **DEFENDANTS.**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## WITH SETTLEMENT AGREEMENT INCORPORATED HEREIN

COME NOW the Plaintiff, CARLIS HARRELL ("Plaintiff"), and the Defendants Backwater Marine & Towing, LLC & Chad Gilliland, ("Defendants"), and jointly move for the Court to approve the Parties' Settlement Agreement, which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

In support of this Motion, the Parties state as follows:

1.    Plaintiff initiated this action against Defendants Backwater Marine & Towing, LLC & Chad Gilliland, alleging that the Defendants unlawfully failed to pay overtime wages for hours worked in excess of forty during multiple workweeks in violation of the FLSA.  (Doc. 1).

2. Plaintiff believes that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Defendants deny Plaintiff is due any relief and is exempt pursuant to 29 U.S.C. § 213. As such, this is a disputed claim. However, the Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, make settlement of this matter a mutually appealing resolution.

3. Accordingly, the Parties have reached a Settlement Agreement to resolve the Plaintiff's claims for unpaid overtime premium. The Agreement is set forth below at pages 5-13. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

4. In support of this request that the Court approve the Parties' Settlement Agreement, Plaintiff submits that he is satisfied that he will be reasonably and fairly compensated under the terms of the Settlement Agreement for the alleged unpaid

overtime wages to which he claims to be entitled. Additionally, Plaintiff's counsel represents that: (a) Plaintiff fully understands the Agreement and (b) Plaintiff has consulted with his counsel of record before agreeing to the Agreement and has entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

### *MEMORANDUM OF LAW*

5. Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

6. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

7. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiff's FLSA claims against Defendants. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties disputed the merits of this case, with Plaintiff contending that Defendants violated the FLSA by failing to pay overtime premium for hours worked in excess of forty in workweek; and, Defendants disputing Plaintiff's factual allegations that Plaintiff worked the hours claimed, and, even if liability was established, the damages Plaintiff could reasonably recover. Defendants dispute liability. During the litigation and settlement of this action, both parties were represented by competent and experienced attorneys who are well versed in this area of the law. Plaintiff and his counsel discussed the claims and the parties formulated their own proposed settlement figures. The Parties then engaged in a mediation conducted by the Hon.

4

Susan R. Walker. The damages estimates are based on the parties' independent calculations and analysis.

8. The Parties entered into this settlement in recognition of the risks inherent in any litigation – specifically, for Plaintiff, the risk of no recovery or a recovery that is less than the one obtained through this proposed agreement, and for the Defendants, the risk of a verdict against it on the merits. The Settlement Agreement provides Plaintiff with a fair and reasonable compromised recovery of the gross amount of his claimed unpaid overtime premium wages and with a recovery of his claimed liquidated damages equal to those wages sought in this lawsuit within the two-year statute of limitations. The Settlement Agreement provides for payment of attorneys' fees and costs to his counsel for prosecuting this matter, and all such payments represent a fair and reasonable compromise of this matter.

9. Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length, the Court should approve this settlement.

## *SETTLEMENT AGREEMENT*

I. **PLAINTIFF'S STATEMENT OF CLAIMS**

10. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* for equitable and declaratory relief and to remedy violations of the FLSA by

Defendants, which have deprived Plaintiff of his lawful wages in regard to every hour worked over forty in a workweek at a rate below the overtime premium rate for hours worked in excess of forty in workweek. This action was brought to recover unlawful denial of overtime premium wages for hours worked in excess of forty in workweek in the form of unpaid overtime wages and an equal amount in liquidated damages owed to the Plaintiff.

11.     Carlis Harrell contends he worked for the Defendants from March 1, 2018 through November 2019. From March 1, 2018 through January 31, 2019, Defendants paid Plaintiff various sums at various rates for the services performed. From February 1, 2019 through July 31, 2019, Defendants paid Plaintiff a salary. From August 1, 2019 through the end of his employment, Defendants paid Plaintiff an hourly rate. Plaintiff's damages are calculated such that he is receiving a fair and reasonable compromise of his claimed unpaid overtime premium. Whether classified as an independent contractor or employee, Plaintiff worked more than forty hours in a workweek for a number of the workweeks at issue during the two-year statutory period of recovery; however, Defendants contend Plaintiff's time records have been falsified, even though Defendants shifted the recordkeeping burden to the Plaintiff. There is a dispute as to whether Defendants paid Plaintiff overtime premium for the hours worked in excess forty hours during those workweeks. There is no dispute Defendants did pay Plaintiff at least the minimum

wage for all hours worked. Defendants contend that Plaintiff is an exempt-employee under the FLSA's Seaman's exemption. See 29 U.S.C. § 213(b)(6). For purposes of the calculations, Plaintiff is claiming that he was paid straight pay for hours in excess of 40 in a workweek, resulting in workweeks wherein he was not paid overtime premium for each hour worked over forty in a workweek. This failure to pay overtime premium resulted in a violation of the FLSA. Defendants deny Plaintiff worked the hours claimed. As such, this is a highly disputed claim.

## II.   DEFENDANTS' STATEMENT OF DEFENSES

12.   Defendants deny Plaintiff worked the hours claimed. The Defendants argue that they actually overpaid wages and are entitled to set off the amount of over time the Plaintiff claims he is owed with the alleged overpayment of wages. Defendants further argue that Plaintiff's labor was exempt from overtime wages pursuant to 29 U.S.C. § 213(b)(6).

## III.   Settlement Terms

The Parties recognize that gathering the testimonial evidence during the liability period and whether the Defendants operated in "good faith" would significantly increase litigation costs and potentially jeopardize the settlement amounts and delay payment of the settlements. These disputes would likely remain unresolved, require summary judgment filings, and ultimately a trial.

Plaintiff calculated the total number of regular and overtime hours worked for which Plaintiff claimed Defendants did not pay the Plaintiff the proper overtime premium compensation for hours worked in excess of forty in a workweek. (See Exhibit A). Throughout the mediation conducted by Judge Walker, the Parties discussed the strengths and weaknesses of their respective positions. Notably, the parties recognized the inherent risks with continued litigation. The Plaintiff believes that the amount he will receive pursuant to this settlement reflects a fair and reasonable compromise to recover the disputed overtime premium wages that he could expect to recover if he were to prevail on his FLSA claims at trial. While still denying liability, Defendants believe that the amount Plaintiff will receive pursuant to this settlement reflects an amount in excess of complete and total satisfaction for unpaid overtime wages and liquidated damages he could expect to recover if he were to prevail on his FLSA claims at trial.

Plaintiff's attorneys' fees were negotiated at arm's length, and with the guidance of Judge Walker, such that the settlement is not tainted by a conflict of interest. Defendants agree that the sum of $6,576.18 for attorneys' fees and $423.82 for the recovery of the filing fee and postage for service of process are fair and reasonable. As courts have recognized, in circumstances similar to the instant matter, a lodestar analysis is not always required. *See Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) ("[P]ersuasive district court

authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.'") (quoting *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); and citing also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel")). During the mediation, the attorneys' fees and costs were discussed with the assistance of Judge Walker to ensure that the remedial purposes of the FLSA were satisfied and that Plaintiff's recovery was not diminished to benefit of the attorneys' fee.

  The method of calculation used in determining the above amounts is reasonable and does not compromise or diminish Plaintiff's recovery, nor did it undermine the broad remedial purpose of the FLSA. The settlement provides

9

Plaintiff with a reasonable compromise regarding his overtime premium wages for the hours he claims to have worked during the permissible liability period and his liquidated damages equal to those wages as mandated by the FLSA.

Plaintiff agrees that the sum of $6,576.18 for attorneys' fees and $423.82 for the recovery of the filing fee and postage for service of process are reasonable attorneys' fees and costs. Plaintiff's counsel expended time participating in the discovery process, including evaluating and reviewing Plaintiff's and Defendants' discovery documentation, a court-conducted mediation, negotiating with Defendants, preparing an individualized damages calculation, and the present settlement agreement. Defendants have agreed that this amount be awarded to counsel for Plaintiff. Defendants have agreed to pay this amount in light of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and fee petition.

As part of the employment relationship at issue, the Plaintiff and Defendants signed a contract related to the payment of services. During the employment, the contract was abandoned, but the employment relationship continued. Plaintiff maintains that FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and thwart the legislative policies it was designed to effectuate. *Barrentine v. Arkansas-Best Freight Sys.,* 450

U.S. 728 (1981)(citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707 (1945*);* see *D. A. Schulte, Inc.* v. *Gangi,* 328 U.S. 108, 114-116 (1946); *Walling v. Helmerich & Payne, Inc.,* 323 U.S. 37, 42 (1944); *Overnight Motor Transportation Co.* v. *Missel,* 316 U.S. 572, 577; see 29 CFR § 785.8 (1974).).   Defendants have concerns that the existence of the signed document creates the potential for future litigation. As part of this settlement, the Plaintiff signed a Full Release to satisfy that concern (which is attached as Exhibit B).

Defendants' counsel agrees that Allen D. Arnold's hourly rate of $350.00 is fair and reasonable.

Plaintiff understands that the total amount to be paid to him is calculated as described above.  Accordingly, Plaintiff will receive the following total amount:

Fourteen days after entry of an Order approving this Settlement Agreement, Defendants shall deliver to Plaintiff's counsel a payroll check (with appliable withholdings) made out Carlis Harrell to in the amount of $2,500.00 for unpaid overtime premium wages;

Fourteen days after entry of an Order approving this Settlement Agreement, Defendants shall deliver to Plaintiff's Counsel a check made out to Carlis Harrell in the amount of $2,500.00 for liquidated damages;

11

Fourteen days after entry of an Order approving this Settlement Agreement, Defendants shall deliver to Plaintiff's Counsel a check made out to Allen D. Arnold, LLC, in the amount of $7,000.00 for attorneys' fees and costs.

Defendants shall issue Plaintiff a W-2 for the payroll check. Defendants shall be held responsible for paying the withholdings for that payroll check to the appropriate taxing agencies and shall be responsible for any employer matching share of said withholdings.

Defendants shall issue Plaintiff a 1099 for the liquidated damages check rendered.

Defendants shall issue to Allen D. Arnold, LLC, a 1099 for the attorneys' fees and costs check rendered.

The Parties represent that they have reached a reasonable and fair resolution of Plaintiff's FLSA claims. The Parties represent that they engaged in good faith, arms' length negotiations in an effort to resolve the matter. The record indicates that a bona fide dispute existed regarding Defendants' reliance on the Seaman's exemption and the hours worked.

A Proposed Stipulated Judgment, Approval of Settlement and Order of Dismissal is attached as **Exhibit C**.

## **CONCLUSION**

The Parties have reached a settlement as to all issues and claims, including the issue of attorneys' fees. Undersigned counsel for Plaintiff affirms to the Court that he has authority from his client and from Defendants to submit the above settlement agreement resolving this dispute on these specific terms and that there are no other terms that have not been stated. The Settlement is contingent on this Court's approval.

Date: October 1, 2020

*/s/ Allen D. Arnold*                                              */s/ M. Jansen Voss*
_____                       _____
Allen D. Arnold                                                      M. Jansen Voss
A Member of Five Points Law Group, LLC      CHRISTIAN & SMALL LLP
2151 Highland Avenue South, Ste. 205            505 North 20th Street, Suite 1800
Birmingham, AL  35205                                      Birmingham, Alabama 35203
205.252.1550 – Office                                         T (205) 795-6588
205.502.4476 – Facsimile                                   F (205) 328-7234
allen@5pointslaw.com                                        mjvoss@csattorneys.com