IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CARLIS HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-121-RAH-SRW |
| | ) |
| BACKWATER MARINE | ) |
| TOWING AND SALVAGE, LLC, *et al*., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This cause is before the Court on the Joint Motion for Settlement Approval and Incorporated Settlement Agreement ("Agreement") filed by Plaintiff Carlis Harrell and Defendants Backwater Marine & Towing, LLC and Chad Gilliand (collectively, "the Defendants"), which seeks approval of the settlement of the Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 18.) The Agreement further provides for the dismissal of this lawsuit with prejudice. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question). Having read the record, including the Agreement, and having inquired into the bona fides during a telephone hearing, and for the following reasons, the Court will APPROVE the settlement.

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow

1

circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1262 (M.D. Ala. 2003) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The first exception requires supervision by the Secretary of Labor under 29 U.S.C. § 216(c); the second exception allows for settlement of claims for back wages under 29 U.S.C. § 216(b), if a court "scrutiniz[es] the settlement for fairness," and determines that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

The Eleventh Circuit has noted the FLSA "contemplates that 'the wronged employee should receive [her] full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (per curiam) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). The Court, however, may approve a settlement that presents a reasonable compromise of issues that are actually in dispute with regard to pending FLSA claims. *Id*. Furthermore, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

In this case, there are bona fide disputes over the amount of overtime hours worked by the Plaintiff. The case was mediated to settlement with United States

Magistrate Judge Susan Walker. Under the negotiated settlement, the Plaintiff is to receive a total sum of $5,000, which includes $2,500 for unpaid compensation and $2,500 for liquidated damages. The Plaintiff believes this sum reflects a fair and reasonable compromise to obtain the disputed overtime wages. (Doc. 18, p. 8.)

The Agreement further provides for a separate payment to counsel for the Plaintiff of $6,576.18 for attorney's fees and $423.82 for reimbursement of the filing fee. According to the Plaintiff, this amount represents a compromise of his time in the case (over 61 hours at $350/hr), and was discussed and negotiated with the assistance of Judge Walker to ensure the FLSA's requirements were satisfied and that the amount was not detrimental to the Plaintiff's own recovery. (*Id*., p. 9.)

The Eleventh Circuit Court of Appeals has found that, in the contingency fee context, a court reviewing an FLSA settlement should review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva,* 307 F.App'x at 351. According to *Silva*, "[t]o turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee." *Id.* at 351-52.

However, because the attorney's fee in the Agreement does not come out of the Plaintiff's recovery, was separately negotiated after the settlement sum for the Plaintiff had been agreed upon, and was discussed with the Magistrate Judge in mediation, the Court need not assess the reasonableness of this fee any further other than to state that the

fee is reasonable under the circumstances before the Court.

The Agreement also contains a general release from liability due to the existence of a previously signed contract related to the payment of services, which was allegedly abandoned by the Plaintiff, although the Plaintiff's employment continued. (*Id.*, p. 10.) The Defendants have concerns that the existence of this contract creates the potential for future litigation, and therefore this Agreement has been signed by the Plaintiff to alleviate that concern and fully resolve all issues between the parties. (*Id.*, p. 11.)

Thus, after conducting a hearing and independently reviewing the Agreement, the Court concludes that the settlement is a fair and reasonable resolution of these bona fide disputes. Accordingly, the settlement is approved and the parties' joint motion (Doc. 18) is GRANTED.

Based upon this resolution by the Parties, all claims Plaintiff has or may have arising out of or relating to this lawsuit, including, but not limited to, any claims under the FLSA for wages, overtime, attorneys' fees, costs, expenses or other relief, award of damages are hereby DISMISSED WITH PREJUDICE. The Court retains jurisdiction to enforce the terms of the Agreement.

The Clerk of Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE and ORDERED, this the 8th day of October, 2020.

                                              /s/ R. Austin Huffaker, Jr.
                                        R. AUSTIN HUFFAKER, JR.
                                        UNITED STATES DISTRICT JUDGE